# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADMASSU REGASSA,  )
No. 09303-007,  )
  )
        Plaintiff,  )
  )
vs.  )    Case No. 17-cv-999-JPG
  )
K. SANDERS, et al.,  )
  )
        Defendants.  )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Admassu Regassa, presently incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), brings this *pro se* action for deprivations of his constitutional rights by persons acting under the color of federal authority pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Plaintiff asserts claims against 116 defendants at three different institutions (USP Marion (Illinois), USP Lewisburg (Pennsylvania), and FCC Allenwood (Pennsylvania)) for conduct that spans approximately five years. (Doc. 1). In connection with his claims, Plaintiff seeks monetary damages and injunctive relief. (Doc. 1, pp. 81-87). The Complaint is a total of 87 typewritten pages (single spaced) and includes 214 pages of exhibits.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A.

### Preliminary Matter

Approximately one week after filing his Complaint, Plaintiff began filing voluminous supplemental exhibits with the Court. (Docs. 5, 7-13). The Court does not accept piecemeal

1

pleadings. Accordingly, the subsequently filed exhibits have been disregarded and the Clerk of the Court shall be instructed to strike the same from the record. *Id.*

**Merits Review – Applicable Standards**

*Section 1915A*

Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a).[1] The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

*Federal Rules of Civil Procedure - Rule 8*

Pursuant to Federal Rule of Civil Procedure 8, in order to state a claim, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, . . . dismissal of a complaint on the ground that it is unintelligible is unexceptional. Length may make a complaint unintelligible, by scattering and concealing in a

---

[1] This action was filed on September 18, 2017. (Doc. 1). On September 25, 2017, the Court denied Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 4). However, the Court did not receive Plaintiff's filing fee until October 18, 2017.

morass of irrelevancies the few allegations that matter." *Id.* (internal citations and quotation marks omitted).

Under Rule 8, Plaintiffs are also required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

*Severance*

As a part of screening, the Court is also allowed to sever unrelated claims against different defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. This practice is encouraged. The Seventh Circuit Court of Appeals has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

*See also Wheeler v. Talbot*, -- F. App'x --, 2017 WL 2417889 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them).

The first step in assessing whether claims and defendants have been properly joined is to apply Rule 20 governing party joinder. *See Intercon Research Assn., ltd. V. Dresser Industries, Inc.,* 696 F.2d 53, 57 (7th Cir. 1982) ("joinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted."); FED. R. CIV. P. 18, Committee Comments.[2] Pursuant to Rule 20, a plaintiff may join multiple persons in one action as defendants only if the claims (1) are transactionally related and (2) present a question of law or fact common to all defendants. FED. R. CIV. P. 20(a)(2)(A)(B). Once defendants are properly joined under Rule 20, Rule 18 may be applied. *See* FED. R. CIV. P. 18.

## **The Complaint**

Plaintiff generally alleges that "over the years" various officials have violated his rights and treated him unfairly. (Doc. 1, p. 62). Plaintiff periodically alleges that he has been the victim of a conspiracy. However, Plaintiff has not sufficiently alleged a conspiracy claim against any single defendant, let alone as to all 116 defendants.[3] Moreover, Plaintiff does not assert a single claim against all 116 defendants.

---

[2] The Committee Comments to Rule 18 state, in relevant part, as follows:

> The rules provide a clear frame work for analyzing [multi-defendant cases]. The first step is to apply Rule 20 governing *party* joinder. To join defendants under Rule 20, at least one claim against the first defendant must be transactionally related to at least one claim against the second (or third, etc) defendant. If this requirement of Rule 20 is not met, the defendants were improperly joined and the actions against them must be severed. But as to defendants that are properly joined, Rule 18 applies on top of Rule 20. So, if a plaintiff has related claims against two or more defendants, the plaintiff can join the defendants in a single suit under Rule 20, and then under Rule 18 the plaintiff can add unrelated claims against any of those defendants.

[3] For instance, Plaintiff alleges that he previously filed a civil rights lawsuit in the Middle District of Pennsylvania. (Doc. 1, p. 65). Plaintiff speculates that "some" of the defendants in that lawsuit and "some" of the defendants in the instant action (from USP Lewisburg and FCC Allenwood) conspired against him and "launched covert, clandestine operations against [him]." (Doc. 1, p. 65).

The Complaint includes a plethora of allegations focusing on conduct occurring at three federal penitentiaries, located in two different states, during a five year period: (1) USP Lewisburg (March 22, 2012 through May 27, 2015); (2) FCC Allenwood (May 27, 2015 through November 19, 2015); and USP Marion (March 21, 2016 through approximately June 2017). Although Plaintiff asserts similar claims against officials at these institutions (*e.g.,* retaliation, false disciplinary reports, excessive/unwarranted restrictions), the claims against the various officials at the different institutions are not transactionally related.

*USP Lewisburg*

Plaintiff claims that when he was in the Special Management Unit at USP Lewisburg (March 22, 2012 through May 27, 2015), various female officials "held very unfair and very biased and highly negative views about [him] and systematically discriminated against [him] and obsessively targeted [him] and filed false incident reports against [him]." (Doc. 1, p. 62). Plaintiff also contends that he was denied fair hearings, discriminated against, and/or subjected to excessive sanctions – apparently in connection with the complaints and/or allegedly false incident reports filed by the these female officials. *Id.* Plaintiff names 23 Defendants in connection with this claim. However, the Complaint provides virtually no additional information pertaining to how each of these individuals allegedly violated Plaintiff's rights. (Doc. 1, pp. 62-63). Plaintiff contends that the allegedly false disciplinary charges violated his (1) Eighth Amendment right to be free from cruel and unusual punishment; (2) First Amendment right to freedom of speech and association; (3) right of access to the courts; and (4) right to be free from discrimination (as a heterosexual, Christian, black male). (Doc. 1, pp. 62-63).

Plaintiff also generally contends that he has been subjected to mental, emotional, and psychological torture. (Doc. 1, p. 63). However, Plaintiff provides no additional detail regarding

these general allegations and does not connect these allegations with any specific defendant.

Finally, Plaintiff contends that because of "numerous false incident reports" filed by female staff members, he was the victim of excessive force and torture in July 2013. (Doc. 1, p. 65). The Complaint does not appear to be asserting any claims pertaining to the alleged excessive force incident. Rather, it appears the incident is offered as background information. The Court notes that the excessive force incident is presently the subject of a civil rights action filed by Plaintiff in the Middle District of Pennsylvania. *See Regassa v. C. Brininger, et al.,* No. 14-cv-1122-MWB-JVW.

### *FCC Allenwood*

Plaintiff was transferred to FCC Allenwood on May 27, 2015. (Doc. 1, p. 64). Plaintiff claims that officials at FCC Allenwood refused to activate his e-mail account without justification. Officials indicated that Plaintiff was subject to restrictions due to public safety concerns. However, Plaintiff claims this was merely an excuse.

Plaintiff filed grievances pertaining to his e-mail privileges and claims that, as a result, he was the victim of retaliation. (Doc. 1, pp. 64-65). Plaintiff contends that numerous defendants discriminated against him "for a variety of reasons," "unfairly stigmatized" him, and treated him differently from other SMU participants. *Id.* Plaintiff also claims that "they" "used corrupt and malicious and abusive and manipulative and discriminatory bureaucratics [sic] against [him]" to prevent him from filing grievances and in violation of his First, Fifth, Eighth, and Fourteenth Amendment rights. *Id.*

### *USP Marion*

After several other transfers (Doc. 1, pp. 65-66), Plaintiff arrived at USP Marion on March 21, 2016 (Doc. 1, p. 66). When Plaintiff arrived at USP Marion, his email account was

not immediately activated and his phone privileges were restricted. *Id.* Plaintiff complained and/or spoke to several officials regarding activating his email account and access to the telephone. *Id.* Initially, Plaintiff spoke to his unit team members. They told Plaintiff to speak with Defendants Daun, Winn, and/or Townley. *Id.* Daun, Winn, and Townley, however, told Plaintiff to talk to his unit team members. *Id.* Plaintiff's unit team members denied his request for telephone access but asked Baird, the warden, to provide Plaintiff with limited email access (allowing him to communicate with his family in Ethiopia). *Id.*

Plaintiff filed grievances regarding his telephone and email restrictions. (Doc. 1, pp. 66-67). As soon as he began filing grievances, numerous individuals retaliated and conspired against him, using "the same corrupt and malicious and abusive and manipulative and discriminatory bureaucratic tactics" at other institutions. (Doc. 1, p. 67). In connection with this claim, Plaintiff generally alleges that numerous USP Marion officials are subject to liability. However, he only attributes specific conduct to a handful of individuals. (Doc. 1, pp. 66-72). Further, the conduct that is described and attributed specific individuals falls short of stating a constitutional violation.

*Additional Claims and Request for Relief*

The last 19 pages of the Complaint are devoted to identifying Plaintiff's claims and requested relief. (Doc. 1, pp. 72-91). In this section, Plaintiff repeatedly identifies a string of claims and then names large groups of individuals in connection with those claims. (Doc. 1, pp. 72-79). For example, on page 72 of the Complaint, Plaintiff indicates that he is bringing claims for "ordinary negligence or deliberate indifference *Bivens* claims and/or (i) violations of my First Amendment Constitutional rights to freedom of speech and association (ii) my Eighth Amendment Constitutional rights to be free from cruel and unusual punishment (iii) my Fifth

7

Amendment and my Fourteenth Amendment due process Constitutional rights to have access to the courts and my rights to have equal protection of the law and to be free from any form of discrimination against me" against 66 individual defendants. (Doc. 1, p. 72). The Complaint closes with several pages of requests for monetary and injunctive relief directed at various individuals. (Doc. 1, pp. 83-87).

## Discussion

The Complaint suffers from two significant problems. First, the Complaint includes unrelated claims against 116 different defendants at three different prisons, suggesting severance is warranted. Second, Plaintiff sets forth insufficient allegations in support of his claims to satisfy basic pleading standards. Both issues must be addressed before this matter can proceed.

*Improper Joinder*

Plaintiff is clearly attempting to bring several distinct sets of claims against 116 different defendants. These claims, which span across three prisons (two of which are not located within the Southern District of Illinois) and at least five years, are not transactionally related and do not belong together in a single action. *See e.g., Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012) (A "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

Under Rule 21 of the Federal Rules of Civil Procedure, the Court has broad discretion when deciding how to address improper joinder. *See* FED. R. CIV. P. 21; *Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc*., 209 F.3d 1008, 1016 (7th Cir. 2000). The Court may sever improperly joined claims, dismiss improperly joined defendants, or authorize Plaintiff to amend his complaint and omit improperly joined claims or defendants. *See Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015) (amending the complaint is a proper method for

"adding or dropping parties and claims" when claims are misjoined). When considering the proper course of action in the instant case, the Court must also consider the second major problem presented.

*Violation of Basic Pleading Requirements*

The allegations in the Complaint refer to a broad range of claims with little or no elaboration. Often, the allegations are little more than conclusory legal statements and vague references to constitutional violations. In most instances, Plaintiff generally claims that large groups of individuals are subject to liability for violating his rights, but fails to describe how each individual was personally involved in the alleged violation. This style of pleading violates Rule 8. *See Vicom, Inc. v. Harbridge Merch. Serv., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994) (quoting *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868 (1993)) ("Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'"). Moreover, even when specific conduct is associated with specific individuals, the allegations fall short of stating a constitutional violation.

The Complaint is also problematic under Rule 8 for its length (87 typewritten pages and 214 pages of exhibits) and impractical number of defendants (116). Here, the length of the Complaint is problematic because the few potentially viable allegations are scattered and concealed in "a morass of irrelevancies," making the Complaint unintelligible. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Given the above pleading deficiencies, the Court cannot discern what claims are being asserted as to each of the 116 defendants. This significantly interferes with the Court's ability to sever parties and claims as is appropriate. Accordingly, instead of immediately exercising its

discretion and severing the many unrelated, potentially deficient claims against different defendants into separate cases, resulting in a surplus of filing fees and potential strikes under 28 U.S.C. § 1915(g) for Plaintiff, the Court deems it appropriate to dismiss the Complaint for failure to comply with Rule 8.

Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint does not comply with Rule 8 or with the instructions below, if it fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice. Such a dismissal may count as a strike pursuant to § 1915(g).

### First Amended Complaint

If Plaintiff chooses to proceed with his claims in this action, he must file a First Amended Complaint. However, he should only bring *related* claims against one group of defendants. This requires Plaintiff to choose which claims he will pursue in this action and omit all reference to unrelated claims against other defendants. *See Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015).

By omitting reference to improperly joined claims in his First Amended Complaint, Plaintiff does not lose the right to pursue those claims. He may pursue them by filing a separate suit. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (holding that, in the case of misjoinder, courts can require a prisoner to "file separate complaints, each confined to one group of injuries and defendants"). If he chooses to go this route, Plaintiff will be required to pay a filing fee for each new lawsuit he brings. He should also keep in mind matters pertaining to the statute of limitations.

If Plaintiff instead chooses to bring all of his claims again in the First Amended Complaint, this Court will sever unrelated claims against different defendants into separate

actions if it determines that they are improperly joined in a single action. At that point, Plaintiff will have no say in the matter. The Court will open a new case for each set of unrelated claims and assess a filing fee in each case. The newly severed cases will be subject to preliminary review under 28 U.S.C. § 1915A and potentially a strike under § 1915(g).

With regard to severance, it appears that, at a minimum, the Court would have to sever the claims pertaining to the three institutions into three separate lawsuits. Additionally, any severed actions pertaining to USP Lewisburg and FCC Allenwood would be transferred to the appropriate district court in Pennsylvania, as the Southern District of Illinois would not be an appropriate venue for either action. *See* 28 U.S.C. § 1391(b) and 1404(a).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's supplemental exhibits (Docs. 5, 7-13) are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for noncompliance with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (December 14, 2017). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-999-JPG. The amended complaint shall present each claim in a separate count, using the numbers as designated by the Court above. In each count, Plaintiff shall specify, by name,[4] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally

---

[4] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

11

involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. **Plaintiff should *include only related claims* against common defendants in his new complaint. Claims found to be unrelated against different defendants will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiffs' claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint in accordance with the instructions set forth in this Order, this case shall be subject to dismissal with prejudice for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b). Plaintiff may also incur a "strike" within the meaning of § 1915(g) if his complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P 41(b).

**IT IS SO ORDERED.**

**DATED: November 15, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**