IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADMASSU REGASSA, )
No. 09303-007, )
 )
       Plaintiff, )
 )
vs. ) Case No. 17-cv-999-JPG
 )
K. SANDERS, et al., )
 )
       Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff Admassu Regassa, presently incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), filed a *pro se* action for deprivations of his constitutional rights by persons acting under the color of federal authority pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671-2680. The original Complaint, which asserted claims against 116 defendants at three different institutions (USP Marion (Illinois), USP Lewisburg (Pennsylvania), and FCC Allenwood (Pennsylvania)) for conduct that spans approximately five years, was dismissed without prejudice and with leave to amend. Plaintiff filed an Amended Complaint (Doc. 16) on December 5, 2017. The Amended Complaint is awaiting preliminary review.

On January 4, 2018, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order ("TRO"). (Doc. 18). Plaintiff sought issuance of a TRO and/or preliminary injunction prohibiting officials at Marion from transferring him to another facility. *Id.* Without providing any specific information, Plaintiff claimed that any such transfer would be an act of

retaliation for the above captioned action. *Id.* On January 5, 2018, the Court denied the Motion without prejudice.[1]

On January 8, 2018, Plaintiff filed a brief in support of his Motion, alleging additional facts and argument pertaining to the pending transfer. Plaintiff opens his briefing by suggesting that he has been the victim of a campaign of retaliation since filing the instant action. (Doc. 20, p. 2). Most recently, Plaintiff claims, a correctional officer filed a false disciplinary report against him that resulted in, among other things, the revocation of good conduct credit. *Id.* Sometime thereafter, Plaintiff learned that officials at Marion are in the process of transferring him to another facility. *Id.* Officials have informed him that his pending transfer is for disciplinary reasons. For instance, one official told Plaintiff he was being transferred for his "misbehavior the whole time [he has been] in the SHU."[2] (Doc. 20, p. 4). He was also told that he is being transferred because of "repeated incident reports." (Doc. 20, p. 5).

Despite Plaintiff's initial generic references to retaliation, the bulk of his briefing objects to the pending transfer for other reasons. Specifically, Plaintiff contends the Court should intervene to stop the pending transfer because: (1) some of the incident reports have been expunged from his record; (2) he has maintained "clear conduct" over the last few years; (3) it is in his "best interest" to remain at USP Marion, so he can complete the SOTP-R program and have a better shot at early parole; (4) the DHO did not order a transfer in connection with his recent disciplinary ticket; and/or (5) he has had only one incident report in the last 4 years.

Plaintiff's briefing does not alter the Court's original decision. Plaintiff still has not established that the pending transfer will result in immediate and irreparable injury, loss, or

---

[1] The Motion indicated that it was being filed with a brief in support. However, no such brief was included. Regardless, because Plaintiff requested a TRO, the Court immediately considered the motion. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

[2] "SHU" refers to the Special Housing Unit.

damage.  In essence, Plaintiff is arguing that the reasoning in support of his pending transfer and/or the procedures followed with regard to the same are flawed (*e.g.,* officials are wrongfully relying on expunged incident reports, officials have failed to recognize Plaintiff's recent "clear conduct" over the years, or the DHO did not order the pending transfer).  But, "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)).  Additionally, the only alleged harm in Plaintiff's briefing is that he is "better off" at Marion and will have a better chance of obtaining parole.  However, as the Court previously explained, convicted prisoners have no expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another.  *See Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976); *Shango v. Jurich,* 681 F.2d 1091, 1098-99 (7th Cir. 1982).

Against this backdrop, the Court remains convinced that a TRO or preliminary injunction should not issue at this time; there is no indication of an immediate and irreparable injury.  Accordingly, Plaintiff's request for a preliminary injunction and/or TRO is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: January 10, 2018**

**s/J. Phil Gilbert**
**U.S. District Judge**